John THOMPSON, aka John
Thompson–Bey, Plaintiff–
Appellant,

v.

Richard STAPLETON, Joann Ricci; L.
McMillian and Jerry Hofbauer,
Defendant–Appellees

Glenda Wells; Robin Pratt; and Harold White, Defendants.

No. 09–1504.

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2010.

Before: MARTIN, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.

John Thompson–Bey, proceeding pro se, appeals the district court's grant of summary judgment to various defendants in this 42 U.S.C. § 1983 action. We review the district court's decision de novo, and construe the facts in the light most favorable to Thompson–Bey. *See Ciminillo v. Streicher,* 434 F.3d 461, 464 (6th Cir.2006).

Thompson–Bey sued multiple prison officials in their official and individual capacities, alleging that they deprived him of due process in connection with a June 24, 1996, prison disciplinary hearing. The hearing arose after Thompson–Bey killed another inmate. Thompson–Bey's official-capacity claims seeking monetary relief are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). And because Thompson–Bey has been released from prison, there is no continuing violation, and thus his official-capacity claims for declaratory relief are barred. *See Banas v. Dempsey,* 742 F.2d 277, 284–88 (6th Cir.1984). In addition, Thompson–Bey did not appeal the district court's grant of summary judgment in favor of Ricci and Stapleton in their individual capacities, so he has abandoned those claims. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

We next consider Thompson–Bey's individual-capacity claims against McMillian, who was a prison investigator assigned to Thompson–Bey's case. Thompson–Bey gave McMillian written interrogatories for several witnesses and other questions to investigate. Thompson–Bey contends that McMillian violated his due-process rights by delaying Thompson–Bey's access to the responses to those questions until after the disciplinary hearing. That claim is meritless; the minimal due-process rights afforded a prisoner in disciplinary hearings do not include access to interrogatory responses. *See generally Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Moreover, Thompson–Bey had no due-process right to confront or cross-examine witnesses, *id.* at 568, 94 S.Ct. 2963, and was not even entitled to a hearing investigator. *See Love v. Farley,* 925 F.2d 1464 (6th Cir.1991) (unpublished); *see also Wolff,* 418 U.S. at 570, 94 S.Ct. 2963.

Thompson–Bey also argues that, because he was being held in administrative segregation pending his disciplinary hearing, McMillian's delay in providing the responses to his questions prevented Thompson–Bey from preparing a defense. But *Wolff* requires advance notice of the charges, not the evidence. *See Wolff,* 418 U.S. at 563–64, 94 S.Ct. 2963. Thompson–Bey received the required notice.

Thompson–Bey's allegations against Hofbauer are likewise meritless. He argues that Hofbauer, the prison warden, denied his step-II grievance against McMillian, and thereby "knowingly approved and acquiesced" in McMillian's unconstitutional conduct. But there was no unconstitutional conduct, so this claim fails. And Hofbauer's denial of Thompson–Bey's administrative grievance is oth-

erwise not actionable under § 1983. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999).

The district court's judgment is affirmed.